■ In the Matter of the Claim of SARKIAS NAHABEDIAN, Respondent, v. EQUITABLE LIFE INSURANCE COMPANY et al., Appellants. WORKMEN'S COMPENSATION BOARD, Respondent.— Appeal by the employer and its carrier from a decision and award of the Workmen's Compensation Board holding that claimant's injury had arisen out of and in the course of his employment. Claimant on June 10, 1959 broke his left ankle while playing softball as a member of a team in an interdepartmental softball league. The sole question raised is whether the board's determination that " the employer did exercise such control over its softball program for its employees as to constitute such activities a part of the employment ", is supported by substantial evidence. Appellants contend that the employer gave nothing more than assistance and encouragement to the employees

and thus *Matter of Wilson* v. *General Motors Corp.* (298 N. Y. 468), is controlling. In *Matter of Tedesco* v. *General Elec. Co.* (305 N. Y. 544), the Court of Appeals set out the following as significant factors in determining if activities of the nature here involved fall within the scope of the employment relationship: (1) the activities were carried out on the premises of the employer; (2) the employer gave substantial financial support; (3) the employer's control was dominant; (4) advertising and business advantages accrued to the employer; and (5) the employer could halt the program at will. The present record reveals that the employer contributed $2,000 to the softball program and over $50,000 to the entire activities program and that the distribution of these funds was controlled by the employer. As stated by Judge FROESSEL in *Tedesco* (*supra*, p. 547): "How could the employer justify these substantial contributions if they were for noncorporate purposes?" While admittedly there was no outside publicity of individual games, the activities program including the softball league was mentioned in the company magazine and was used as an inducement to get prospective employees to accept employment. Perhaps most significant are the employer's activities in initiating and promoting the program. In addition to the monetary support mentioned above the employer's personnel department provided a steady stream of information for the employees about past results and future events. One individual in the personnel department, whose title was "Activities Assistant", devoted 45% of his working time to co-ordinating athletic activities. Appellants urge as controlling the fact that the games were not held on the employer's premises but were held after work at public parks and with the employees furnishing their own transportation. In our opinion these considerations are not decisive especially when it is considered that it was the employer who secured permits for the use of the ball fields. (See *Matter of Sorino* v. *Remington Rand*, 1 A D 2d 720.) Viewed as a whole there is substantial evidence upon which the board could find that the employer benefited from and dominated the program. (Cf. *Matter of McCarty* v. *Dahlstrom Metallic Door Co.*, 12 A D 2d 673.) Decision and award unanimously affirmed, with costs to the Workmen's Compensation Board. Present — Bergan, P. J., Gibson, Herlihy, Reynolds and Taylor, JJ.